IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **FERNANDO CHAVEZ-RODRIGUEZ (03)**, <br><br> Defendant. | Case No. 17-40006-03-DDC |

## MEMORANDUM AND ORDER

Defendant Fernando Chavez-Rodriguez has filed a pro se[1] Motion to Reduce his sentence under Amendment 821 to § 4CI.1 of the United States Sentencing Guidelines. Doc. 210. The government filed a Response. Doc. 213. The court lacks jurisdiction and dismisses Mr. Chavez-Rodriguez's motion for the following reasons.

### I.   Background

On May 8, 2018, Mr. Chavez-Rodriguez entered a guilty plea (Doc. 181) to one count of Conspiracy to Possess with Intent to Distribute 500 Grams or More of a Methamphetamine Mixture, violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2. On July 30, 2018, a federal probation officer prepared a Presentence Investigation Report (PSR). Doc. 201. Based on the quantity of drugs, 19.57 kilograms of usable methamphetamine mixture, the PSR determined that Mr. Chavez-Rodriguez had a base offense level of 36. *Id.* at 16–17 (PSR

---

[1] Because plaintiff proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

¶ 70). A two-point enhancement applied because Mr. Chavez-Rodriguez imported methamphetamine from Mexico. *Id.* at 17 (PSR ¶ 71). The PSR deducted three points because Mr. Chavez-Rodriguez accepted responsibility and timely notified authorities of his intent to enter a plea. *Id.* at 18–19 (PSR ¶¶ 77–78). Based on the 2016 Guidelines Manual, Mr. Chavez-Rodriguez had a total offense level of 35. *Id.* at 19 (PSR ¶ 79).

Mr. Chavez-Rodriguez's criminal history produced five criminal history points, establishing a criminal history category of III. *Id.* at 20 (PSR ¶ 88). Title 21 U.S.C. §§ 841(b)(1)(A) and 846 require a minimum imprisonment of 10 years if a defendant is found guilty of conspiracy to distribute 50 grams or more of methamphetamine. "Based upon a total offense level of 35 and a criminal history category of III, the guideline imprisonment range [was] 210 to 262 months." *Id.* at 23 (PSR ¶ 107). The parties' binding plea agreement recommended a sentence below the advisory guideline range: 144 months and five years supervised release. Doc. 181 at 4 (Plea Agreement). On August 8, 2018, the court sentenced Mr. Chavez-Rodriguez to imprisonment for 144 months and five years supervised release. Doc. 203 at 2–3.

Mr. Chavez-Rodriguez asserts that Amendment 821 to § 4CI.1 of the United States Sentencing Guidelines applies to his August 2018 sentence and reduces his offense level by two levels. Doc. 210 at 1. The court addresses Mr. Chavez-Rodriguez's motion, but first, recites the governing legal standard.

## II.     Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

> (1) on motion of the Director of the Bureau of Prisons if special circumstances exist;
>
> (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
> (3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). Mr. Chavez-Rodriguez asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range. Doc. 210.

Effective November 1, 2023, Amendment 821 lowered the sentencing range by two levels for certain defendants with zero criminal history points. U.S. Sent'g Comm'n, Amendment 821 § 4CI.1. The amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10). Those criteria apply when:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

*Id.*

### III. Analysis

Mr. Chavez-Rodriguez loses his bid at the first step—subsection (a)(1)—which requires that "the defendant *did not receive any* criminal history points from Chapter Four, Part A[.]" U.S. Sent'g Comm'n, Amendment 821 § 4CI.1(A)(1) (emphasis added). Mr. Chavez-Rodriguez received five criminal history points. Doc. 201 at 20 (PSR ¶ 88). In short, Amendment 821 § 4CI.1 doesn't apply to Mr. Chavez-Rodriguez. Because Mr. Chavez-Rodriguez's sentencing range remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2). The court thus lacks jurisdiction over Mr. Chavez-Rodriguez's motion (Doc. 210). It thus dismisses the motion. *United States v. Villegas-Cortez*, No. 10-20100-07-JWL, 2024 WL 21507, at *1 (D. Kan. Jan. 2, 2024) (dismissing Amendment 821 motion for lack of jurisdiction where amendment didn't change criminal history points or criminal history category).

### IV. Conclusion

The court is without jurisdiction to consider Mr. Chavez-Rodriguez's current motion. Thus, the court dismisses Mr. Chavez-Rodriguez's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Chavez-Rodriguez's Motion to Reduce Sentence (Doc. 210) is dismissed. The court directs the Clerk to mail a copy of this Order to defendant.

5

**IT IS SO ORDERED.**

**Dated this 5th day of March, 2024, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
